UNITED STATES DISTRICT COURT DISTRICT
OF NEW JERSEY

| | |
|---|---|
| PAUL J. OLIVA, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> THOR MOTOR COACH, *et al.* <br><br> Defendants. | Civil No. 21-03184 (FLW)(DEA) <br><br> **REPORT AND RECOMMENDATION** |

This matter comes before the Court upon Defendants Thor Motor Coach and Meyer's RV Centers, LLC d/b/a Camping World RV Sales' (collectively "Defendants") Motion to Dismiss (ECF No. 6) Plaintiffs Paul J. Oliva and Kathleen M. Conroy's (collectively "Plaintiffs") Complaint (ECF No.1-3). Plaintiffs opposed the motion (ECF No. 8) and Defendants replied (ECF No. 11). Chief U.S. District Judge Freda L. Wolfson referred this motion to the undersigned for disposition. The Court has carefully considered the Parties' submissions and issues this Report and Recommendation without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, it is respectfully recommended that Defendants' Motion to Dismiss Counts I and IV against both Defendants be **GRANTED WITHOUT PREJUDICE**. It is further recommended that Defendants' Motion to Dismiss Counts II and III be **GRANTED WITHOUT PREJUDICE** as against Defendant Thor and **GRANTED WITH PREJUDICE** as against Defendant Meyer. Finally, it is recommended that Plaintiffs be allowed thirty (30) days to file an Amended Complaint.

1

I.  BACKGROUND

On or about April 21, 2017, Plaintiffs purchased a new 2017 Thor Motor Coach 34.1 Miramar (the "RV"). Compl. ¶ 4, ECF No. 1-3. The RV was manufactured by Thor and sold by retailer Meyer's RV Centers, LLC[1] ("Meyer") for $119,105. *See* Compl. ¶ 4, 16. When Meyer sold the RV to Plaintiffs, it did so "'AS IS' with no [d]ealer guarantee or warranty, implied or express[.]" Ex. A. to Compl. *26[2], ECF No. 1-3[3] (emphasis in original). Meyer further disclaimed and excluded "**FROM TH[E] SALE ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS[.]**" *Id.* (emphasis in original). Plaintiffs signed their names below these provisions when they purchased the RV from Meyer. *Id.*

Separately, Defendant Thor Motor Coach ("Thor") provided a Limited Warranty for the RV. Ex. C to Mot. Dismiss *3[4], ECF No. 6-3[5]. The Limited Warranty provides that coverage ends under the warranty "[t]welve (12) months after the first retail owner takes delivery of the motorhome from an authorized dealership OR after the odometer reaches 15,000 miles, whichever occurs first." *Id.* (emphasis in original). The Limited Warranty further requires that **"ANY ACTION FOR BREACH OF THIS TWELVE (12) MONTH OR 15,000 MILE LIMITED WARRANTY OR ANY IMPLIED WARRANTIES . . . MUST BE COMMENCED NOT**

---

[1] Meyer's RV Centers, LLC is the retailer from which Plaintiffs purchased their RV. *See* Mot. Dismiss, ECF No. 6. Meyers is d/b/a Camping World RV Sales and was incorrectly identified as Camping World of New Jersey. *Id.*
[2] Page numbers refer to those associated with the ECF header.
[3] Although generally "a district court ruling on a motion to dismiss may not consider matters extraneous to [the] pleadings," a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Here, the Plaintiffs, by alleging breach of warranty, render Meyer's disclaimers integral to the Complaint because Plaintiffs explicitly rely on the existence of warranties to support several of their claims against Meyer. *See* Compl. ¶ 8. As such, Meyer's disclaimers may be considered without converting the motion to dismiss into one for summary judgment.
[4] Page numbers refer to those associated with the ECF header.
[5] *See* Footnote 2. Thor's Limited Warranty is integral to the Complaint because Plaintiffs explicitly rely on the existence of warranties to support several of their claims against Thor. *See* Compl. ¶ 8.

**MORE THAN FIFTEEN (15) MONTHS AFTER THE BREACH.** *Id.* (emphasis in original). On April 21, 2017, Plaintiffs signed a "Registration [a]nd Acknowledgement of Receipt of Warranty and Product Information" form (the "Acknowledgement Form") issued by Thor. Ex. D. Mot. Dismiss, ECF No. 6-4. The Acknowledgement Form contained the following provisions: 1) "**IMPORTANT: THE CUSTOMER IS REQUIRED TO READ THIS DOCUMENT BEFORE SIGNING IT**"; 2)"[y]ou the purchaser, should not submit this form until (1) you have received and reviewed the Limited Warranty and owner's manual"; and 3) "[b]efore I purchased this vehicle, I received, read and agreed to the terms and conditions of Thor Motor Coach's 1 page Limited Warranty . . .." *Id.* (emphasis in original). The Plaintiffs signed the Acknowledgement Form below these provisions. *Id.*

Plaintiffs allege in their Complaint that after they purchased the RV, and "[d]uring the warranty period," Plaintiffs identified numerous defects with the RV. *See* Compl. ¶ 11. Several of these alleged defects appear to be within the RV's living quarters such as "scratch on kitchen drawer," "forward bathroom door misaligned," and "LED light above the bed [] inoperative." *Id.* Other defects listed in the Plaintiffs' Complaint appear to pertain to alleged defects with the motor vehicle itself, such as "water leaking from windshield," "paint cracking on the front of the unit," and "roof on the passenger side front corner has a void." *Id.* In reference to both the alleged defects with the RV's living quarters and the alleged defects with the motor vehicle itself, Plaintiffs argue that "[t]he nonconformities described violate the express written warranties issued to Plaintiffs by Defendant[s]." *Id.* ¶ 19.

On January 21, 2021, Plaintiffs filed a four-count Complaint in the New Jersey Superior Court for Middlesex County. *See* Notice of Removal ¶ 2, ECF No. 1. On February 22, 2021, Plaintiffs' Complaint was removed to this Court. *See id.* Plaintiffs' Complaint asserts: 1) violation

of the New Jersey Motor Vehicle Warranty Act ("Lemon Law"), N.J. Stat. Ann. § 56:12-29 *et seq.* (Count I); 2) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* (Count II); 3) breach of express and implied warranties (Count III)[6]; and 4) violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann.§ 56:8-1 *et seq.* (Count IV). *See* Compl. ¶¶ 13–62. On March 17, 2021, Defendants filed the instant motion to dismiss all of Plaintiffs' claims.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 8 (a)(2)[7] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court is to conduct a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state, "the defendant unlawfully harmed me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*,

---

[6] Plaintiffs title this Count as a violation of the Uniform Commercial Code ("UCC")
[7] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented" upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### B. Rule 9(b)

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "To do so, the allegations must go well beyond Rule 8's threshold of plausibility." *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019). Specifically, "Rule 9(b)'s particularity requirement requires a plaintiff to allege 'all of the essential factual background that would accompany the first paragraph of any newspaper story–that is, the who, what, when, where, and how of the events at issue.'" *Id.* (quoting *United States ex rel. Silver v. Omnicare, Inc.*, 903 F.3d 78, 92 (3d Cir. 2018)).

## III. DISCUSSION

For the reasons set forth below, it is recommended that Defendants' Motion to Dismiss Counts I and IV against both Defendants be granted without prejudice. It is further recommended that Defendants' Motion to Dismiss Counts II and III be granted without prejudice as against Defendant Thor and granted with prejudice as against Defendant Meyer.

### A. Count I

New Jersey's Lemon Law provides that "during the first 24,000 miles of operation or during the period of two years following the date of original delivery to the consumer, whichever is earlier, the manufacturer . . . shall make, or arrange with its dealer or distributor to make, within

a reasonable time, all repairs necessary to correct [a] nonconformity." N.J. Stat. Ann. § 56:12-31. If during the above specified period, "the manufacturer . . . of that part of the motor vehicle containing the nonconformity, or its dealer or distributor, is unable to repair or correct the nonconformity within a reasonable time, the manufacturer . . . shall accept return of the motor vehicle from the customer." N.J. Stat. Ann. § 56:12-32. Furthermore,

> It is presumed that a manufacturer . . . or its dealer or distributor, is unable to repair or correct a nonconformity within a reasonable time if . . . (1) [s]ubstantially the same nonconformity has been subject to repair three or more times by the manufacturer . . . or its dealer or distributor [or] (2) [t]he motor vehicle is out of service by reason of repair for one or more nonconformities for a cumulative total of 20 or more calendar days, or in the case of a motorhome, 45 or more calendar days, since the original delivery of the motor vehicle and a nonconformity continues to exist.

N.J. Stat. Ann. § 56:12-33. Importantly, however, "problems pertaining to the 'living facilities' of a motor home are not covered under New Jersey's Lemon Law." *Smith v. Freightliner, LLC*, 239 F.R.D. 390, 394 (D.N.J. 2006); *see also* N.J. Stat. Ann. § 56:12-30 ("'Motor vehicle' means a passenger automobile . . . which is purchased or leased in the State of New Jersey. . . except the living facilities of motor homes").

In their Complaint, Plaintiffs identify a long list of alleged nonconformities found in the RV. Compl. ¶ 11. Some of these alleged nonconformities appear to be within the living facilities of the RV, some appear to be related to the vehicle itself. *See id.* Regardless, Plaintiffs allege in a conclusory manner that the RV "has been subject to repair more than three (3) times for the same nonconformity, and the nonconformity remained uncorrected" and that the RV "has or will be out of service by reason of the nonconformities complained of for a cumulative total of twenty (20) or more calendar days." *Id.* ¶¶ 22–23. Importantly, however, Plaintiffs do not identify which complained of nonconformity or nonconformities were subject to repair on three occasions or caused the RV to be out of service for a total of twenty or more calendar days. *See generally*

6

Compl.[8] This is significant because New Jersey Lemon Law explicitly excludes nonconformities in the living facilities of motor homes from coverage. N.J. Stat. Ann. § 56:12-30 ("'Motor Vehicle' means a passenger automobile . . . which is purchased or leased in the State of New Jersey. . . except the living facilities of motor homes"). As such, the Court cannot discern whether Plaintiffs' Lemon Law claim can move forward as a matter of law because the Court does not know whether the nonconformity Plaintiffs allege has been subject to repair more than three times or caused the RV to be out of service for a total of twenty or more calendar days is related to the living quarters of the RV or the vehicle itself. Therefore, it is respectfully recommended that Defendants' Motion to Dismiss Count I be granted, but that Plaintiffs be granted leave to amend their Complaint to specify which nonconformity or nonconformities complained of fall within the purview of New Jersey's Lemon Law.

### B. Counts II & III

#### i. *As Against Defendant Meyer*

It is recommended that Counts II and III of Plaintiffs' Complaint be dismissed with prejudice as against Defendant Meyer because Meyer effectively disclaimed all express and implied warranties.

A disclaimer of warranties is permissible under New Jersey law, where such disclaimer "is in writing and conspicuous." *Skalski v. Elliot Equip. Co.*, Civ. No. 08-2686, 2010 WL 891582, at *5 (D.N.J. Mar. 9, 2010) (citing *Gladden v. Cadillac Motor Car Div., Gen. Motors Corp.*, 83 N.J.

---

[8] It is worth noting, though not dispositive here, that in order to obtain the statutory presumption that a nonconformity repair did not occur within a reasonable time "[t]he motor vehicle [must be] out of service by reason of repair for one or more nonconformities for a cumulative total of 20 or more calendar days, *or in the case of a motorhome, 45 or more calendar days*, since the original delivery of the motor vehicle and a nonconformity continues to exist." N.J. Stat. Ann. § 56:12-33(a)(2) (emphasis added). Plaintiffs in their Complaint allege that the RV "has or will be out of service by reason of the nonconformities complained of for a cumulative total of twenty (20) or more calendar days." Compl. ¶ 23. If Plaintiff seeks to obtain the statutory presumption that a nonconformity repair did not occur within a reasonable time under N.J. Stat. Ann. § 56: 12-33(a)(2), pleading that the RV was out of service by reason of repair for 20 days may be insufficient because the RV is a motor home.

320, 416 (1980)). "A clause is conspicuous when it is written such that a reasonable person against whom it is to operate ought to have noticed it." *T.J. McDermott Transp. Co., Inc. v. Cummins, Inc.*, Civ. No. 14-04209, 2015 WL 1119475, at *12 (D.N.J. Mar. 11, 2015) (citing N.J. Stat. Ann. § 12A:1-201(10)). More specifically, a clause is conspicuous where a printed heading is in capitals, language in the body of the document is larger than the surrounding text, or the relevant provision otherwise contrasts with the surrounding text in type, font, or color. *Id.* "[W]hether a disclaimer is conspicuous is a question of law for the Court." *Russo v. Thor Industries, Inc.*, Civ. No. 20-10062, 2020 WL 5868801, at *3 (D.N.J. Oct. 10, 2020) (quoting *In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, Civ. No. 14-3722, 2015 WL 4591236, at *28 (D.N.J. July 29, 2015)).

Any state law breach of warranty claim against Meyer must fail because Meyer effectively disclaimed all warranties. Meyer ensured its disclaimer of all warranties was in writing and conspicuous. *See* Ex. A. to Compl. *26. Specifically, Meyer's disclaimer is bolded, underlined, and placed in capitalized font on the front page of the sales contract. *Id.*; *see also Russo*, 2020 WL 5868801 at *3 (finding the same Camping World disclaimer that Meyer used in its sale contract with plaintiffs was conspicuous and effectively disclaimed all warranties, express or implied). As disclaimers are permitted under New Jersey law where they are in writing and conspicuous, and where Meyer's disclaimer of all express and implied warranties is both in writing and conspicuous, Meyer has effectively disclaimed all express and implied warranties. Accordingly, it is recommended that Defendants' Motion to Dismiss Count III of Plaintiffs' Complaint against Meyer be granted with prejudice.

Furthermore, since Plaintiffs' state law warranty claims fail as to Meyer, so too must their MMWA claim fail as to Meyer. *See Russo*, 2020 WL 5868801 at *3 (citing *Cooper v. Samsung Elecs. Am., Inc.*, Civ. No. 07-3853, 2008 WL 4513924, at *6 (D. N.J. Sep. 30, 2008) ("To state a

claim under the MMWA, a plaintiff must first adequately plead a claim for breach of warranty under state law.")). For this reason, it is also recommended that Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint against Meyer be granted with prejudice as well.

ii.     *As Against Defendant Thor*

It is recommended that Counts II and III be dismissed without prejudice as against Defendant Thor because while Defendant Thor's Limited Warranty appears to time-bar Plaintiffs' breach of warranty claims, there remains some question as to whether Plaintiffs intend to challenge the effectiveness of the Limited Warranty.

In general, "[a]n action for breach of contract for sale must be commenced within four years after the cause of action has accrued." N.J. Stat. Ann. § 12A:2-725(1). By original agreement, however, "the parties may reduce the period of limitation to not less than one year[.]" *Id.* "Moreover, New Jersey law provides that '[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach,' and '[a] breach of warranty occurs when tender of delivery is made.' *Suriaga v. General Elec. Co.*, Civ. No. 18-16288, 2019 WL 6799613, at *3 (D.N.J. Dec. 12, 2019) (citing N.J. Stat. Ann. § 12A:2-725(2)). New Jersey Courts have routinely enforced "'[c]ontract provisions limiting the time parties may bring suit,' so long as they are reasonable." *J Supor & Son Trucking & Riggins Company, Inc. v. Kenworth Truck Co.*, 791 F. App'x 308, 312 (3d Cir. 2019) (quoting *Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co.*, 145 N.J. 345, 354 (1996)). Significantly, New Jersey courts have consistently held that a one-year period of limitation in a warranty is reasonable. *Id.* (finding a one-year limitation period in a warranty was valid "not only because the New Jersey Supreme Court 'has routinely upheld contract provisions that create a one-year time limitation[,]' but also because New Jersey's UCC explicitly permits such a limitation" (citing N.J. Stat. Ann. § 12A:2-725(1)).

Defendant Thor's Limited Warranty states "any action for breach of this twelve (12) month or 15,000 mile limited warranty or any implied warranties . . . must be commenced not more than fifteen (15) months after the breach." Ex. C to Mot. Dismiss *3 (emphasis omitted). Under New Jersey law, any breach of warranty by Defendants necessarily occurred on April 21, 2017, the date Plaintiffs allege they took possession of the RV from Defendants. *See* Compl. ¶ 17; N.J. Stat. Ann. § 12A:2-725(2) ("A breach of warranty occurs when tender of delivery is made."). By contract, Plaintiffs agreed to bring any action for breach of warranty within 15 months of any alleged breach. *See* Ex. C to Mot. Dismiss *3. Therefore, to claim a state law breach of warranty, Plaintiffs needed to bring an action prior to July 21, 2018. Plaintiffs brought the present action in January 2021. Accordingly, Plaintiffs' breach of warranty claim against Thor is time-barred under state law unless the limitation provision in Thor's Limited Warranty is ineffective.

It appears from Plaintiffs' Complaint that they intend to argue Thor's Limited Warranty is ineffective, but it is unclear from Plaintiffs' Complaint what legal theory they allege supports their contention. Compl. ¶ 42. As such, the Court is unable to ascertain the elements Plaintiffs must plead to support their claim that Thor's limitation provision in its Limited Warranty is ineffective. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (articulating that the first step in evaluating a motion to dismiss is "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'").[9] Without properly pleading that Thor's Limited Warranty is ineffective,

---

[9] Plaintiffs state in their Complaint that "[Thor]'s warranty was not provided to Plaintiff[s] until after the vehicle was delivered, making any and all limitations, disclaimers, and/or alternative dispute provisions ineffective for a failure of consideration." Compl. ¶ 42. The Court sees no reason why, on the facts presented in Plaintiffs' Complaint, the Acknowledgement Form Plaintiffs signed upon purchasing their RV should not render Thor's Limited Warranty effective and binding. *See Skalski*, 2010 WL 891582 at *1 (rejecting plaintiff's argument that a provision in a warranty was ineffective because he did not receive the express warranty until after delivery, and persuasively finding under similar facts, in the context of a disclaimer, that "[e]ven if the [contractual provision] was not part of the purchase contract, this Court sees no reason why a conspicuous written [provision] signed by [p]laintiff in exchange for an express warranty on his purchase should not be binding"). This is especially the case because the Acknowledgement Form, signed by both Plaintiffs on April 21, 2017, the day Plaintiffs allege they took possession of the RV, provides ""[b]efore I purchased this vehicle, I received, read and agreed to the terms and

10

Plaintiffs' claims for breach of warranty, and consequently Plaintiffs' claim against Thor under the MMWA, cannot survive Defendants' Motion to Dismiss because Plaintiffs' state law breach of warranty claims against Thor are time-barred under the Limited Warranty. Therefore, it is respectfully recommended that Defendants' Motion to Dismiss Counts II & III as against Thor be granted without prejudice. It is further recommended that Plaintiffs be allowed leave to amend their Complaint to better articulate why Thor's Limited Warranty may be ineffective.

### C. Count IV

Under the NJCFA, to state a claim, a plaintiff must show "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 606 (D.N.J. 2016). Claims under the NJCFA are "subject to the heightened pleading standard of Fed. R. Civ. P. 9(b)." *Id.* (citing *Fredrico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). As such, Plaintiffs are required to "specify each individual defendant's actions and their individual liability." *Russo*, 2020 WL 5868801 at *3 (citing *Torres-Hernandez v. CVT Prepaid Solutions, Inc.*, Civ. No. 08-1057, 2008 WL 5381227, at *5 (D.N.J. Aug. 29, 2018); *see also Bookwalter*, 946 F.3d at 176. ("Rule 9(b)'s particularity requirement requires a plaintiff to allege 'all of the essential factual background that would accompany the first paragraph of any newspaper story–that is, the who, what, when, where, and how of the events at issue.'")).

---

conditions of Thor Motor Coach's 1[-]page Limited Warranty . . .." Ex. D. Mot. Dismiss. If the Plaintiffs did not read or receive the Limited Warranty until after taking possession of the vehicle, it is unclear to the Court why Plaintiffs would sign the Acknowledgment Form the day they purchased the vehicle. *Id.* If, perhaps, the Plaintiffs intend to argue, as briefly suggested in their Opposition to Defendants' Motion to Dismiss, that the relevant provision of the Limited Warranty limiting the time in which Plaintiffs can bring a claim is inconspicuous, Plaintiffs will need to so plead in an amended complaint and identify the legal basis and facts supporting their conclusion that an inconspicuous limitation provision by Thor renders their Limited Warranty ineffective. *See* Pls.' Opp'n. Mem. Mot. Dismiss 8, ECF No. 8.

Plaintiffs' Complaint does not provide the requisite specificity to comply with Rule 9(b). Plaintiffs largely provide conclusory statements such as "Defendant knowingly concealed, suppressed, or omitted facts material to the transactions at issue, in that Defendant was aware th[at] defect(s)/condition(s) could not be repaired, and that the ineffectual repairs were performed by incompetent or unqualified individuals" without specifying which Defendant they are referring to or which "defect(s)/condition(s)" the Defendant(s) knowingly concealed and how they concealed them. Compl. ¶ 56. While Plaintiffs provide more specificity in their Complaint, they still fail to identify which Defendant engaged in the alleged unlawful conduct. *See, e.g., id.* ¶ 57 ("Defendant through its authorized dealer failed to provide written notification that the vehicle was covered by the [Lemon Law]."). For these reasons, it is recommended that Defendants' Motion to Dismiss Count IV of Plaintiffs' Complaint be granted, but that Plaintiffs be allowed leave to amend their Complaint to provide a more precise who, what, when, where, and how of the alleged actions violative of the NJCFA.

## IV.   CONCLUSION

For the reasons set forth above,

**IT IS** on this the 6th day of October 2021

**RECOMMENDED** that Defendants' Motion to Dismiss Counts I and IV against both Defendants be **GRANTED WITHOUT PREJUDICE**; and it is further

**RECOMMENDED** that Defendants' Motion to Dismiss Counts II and III be **GRANTED WITHOUT PREJUDICE** as against Defendant Thor and **GRANTED WITH PREJUDICE** as against Defendant Meyer; and it is further

**RECOMMENDED** that Plaintiffs be allowed thirty (30) days to file an Amended Complaint; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72(b)(2), objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation; and it is further

**ORDERED** that the Clerk is to **terminate** this Motion (ECF No. 6) and activate this Report and Recommendation.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**